| | |
|---|---|
| 1 | MELINDA HAAG (CABN 132612)<br>United States Attorney |
| 2 | ALEX G. TSE (CSBN 152348)<br>Chief, Civil Division |
| 3 | REBECCA A. FALK (CSBN 226798)<br>Assistant United States Attorney |
| 4 | |
| 5 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495<br>Telephone: (415) 436-7022 |
| 6 | FAX: (415) 436-6847<br>rebecca.falk@usdoj.gov |
| 7 | |
| 8 | Attorneys for Defendant<br>UNITED STATES OF AMERICA |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Docket No. C 12-04940 JSC<br><br>**STIPULATION AND [PROPOSED] ORDER RE SETTLEMENT AND DISMISSAL WITH PREJUDICE** |

It is hereby stipulated by and between Plaintiff STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("Plaintiff") and Defendant UNITED STATES OF AMERICA ("Defendant"), by and through their respective attorneys, as follows:

WHEREAS, Plaintiff filed the above-captioned action on September 21, 2012;

WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised in this action, which have transpired prior to the execution of this Settlement Agreement ("Agreement");

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

STIPULATION AND [PROPOSED] ORDER RE SETTLEMENT AND DISMISSAL WITH PREJUDICE
No. C 12-04940 JSC

1. **Agreement to Compromise Claims**. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Agreement.

2. **Definition of "United States of America."** As used in this Agreement, the United States of America shall include its current and former agents, servants, employees, and attorneys, as well as the United States Coast Guard, and/or its current and former agents, servants, employees, and attorneys.

3. **Settlement Amount**. The United States of America agrees to pay the sum of two thousand six hundred dollars and five cents ($2,600.05) ("Settlement Amount"), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which Plaintiff or his [her] guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America.

4. **Release**. Plaintiff and his [her] guardians, heirs, executors, administrators or assigns hereby agrees to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and his [her] guardians, heirs, executors, administrators or assigns further agrees to reimburse, indemnify and hold harmless the United States of America from and against any and all such causes of action, claims, liens, rights, or

subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or his [her] guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

5. **Dismissal of Action**. Execution of this Stipulation and its approval by the Court shall constitute dismissal of this case with prejudice pursuant to Fed. R. Civ. P. 41(a).

6. **No Admission of Liability**. This stipulation for compromise settlement is not intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, and it is specifically denied that it is liable to the Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

7. **Parties Bear Their Own Costs**. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the Settlement Amount and not in addition thereto.

8. **Attorney's Fees**. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

9. **Authority**. The persons signing this Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

10. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff having been apprized of the statutory language of Civil Code Section 1542 by his [her] attorney, and fully understanding the same, nevertheless elects to waive the benefits of

any and all rights he/she may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's injury and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

11. **Payment by Electronic Funds Transfer.** Payment of the settlement amount shall be deposited by electronic fund transfer to the bank account Plaintiff shall designate in an Electronic Funds Transfer enrollment form the Plaintiff will provide to the undersigned Assistant United States Attorney within five days of executing this Agreement. Plaintiff's attorney agrees to distribute the settlement proceeds to the Plaintiff. Plaintiff and her attorney have been informed that payment of the Settlement Amount may take sixty (60) days or more from the date that the Court "so orders" this Agreement to process.

12. **Tax Liability.** If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the Settlement Amount, Plaintiff or Plaintiff's counsel shall be solely responsible for paying any such determined liability from any government agency. Nothing in this Agreement constitutes an agreement by the United States of America concerning the characterization of the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

13. **Construction**. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

14. **Severability**. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

15. **Integration**. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

16. **Execution in Counterparts**. This Stipulation may be executed in counterparts and is effective on the date by which both parties' counsel have executed the Stipulation.

SO STIPULATED AND AGREED.

DATED: November 16, 2012         By: _____
                                 RICHARD L. MAHFOUZ
                                 Attorney for Plaintiff


DATED: November 16, 2012         MELINDA HAAG
                                 United States Attorney


                                 By:    /s/ Rebecca A. Falk
                                 REBECCA A. FALK
                                 Assistant United States Attorney
                                 Attorneys for Defendant


**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

This case is hereby dismissed with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

DATED:  December 5, 2012         _____
                                 HONORABLE JACQUELINE SCOTT CORLEY
                                 UNITED STATES MAGISTRATE JUDGE

*IT IS SO ORDERED*
*Jacqueline S. Corley*
*Judge Jacqueline Scott Corley*